Filed: 8/7/26  Dashjian v. Kessedjian CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SHANT DASHJIAN, | B345996 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 20VECV01264) |
| v. | |
| STEVE KESSEDJIAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shirley K. Watkins, Judge.  Affirmed.

Steve Kessedjian, in pro. per., for Defendant and Appellant.

Tahmazian Law Firm and Jilbert Tahmazian for Plaintiff and Respondent.

————————————

The trial court did not err in enforcing settlement and entering a stipulated judgment.

## I.

Respondent Shant Aram Dashjian and appellant Steve Kessedjian disputed ownership of real property in Tarzana, California. Dashjian sued Kessedjian and related entities in 2020. Kessedjian sued Dashjian and related entities in 2021.

In May 2024, the parties resolved the claims in their two competing cases with a written settlement agreement. Kessedjian agreed to make scheduled payments to Dashjian, to commence within 45 days of the agreement's execution. Payments were due by check to the law firm representing Dashjian, Tahmazian Law Firm. Kessedjian would, within five court days of the agreement's execution, dismiss his 2021 suit with prejudice as to certain named parties. Dashjian would, also within five court days, file a notice of conditional settlement in his 2020 action and then dismiss it in its entirety with prejudice after receiving all payments. Kessedjian agreed to, and signed, a stipulated judgment for $225,000 (minus any settlement payments made) that Dashjian could have entered should Kessedjian breach the agreement. The parties, in a provision termed a "general release," waived all other claims related to the 2020 and 2021 actions. The parties invited the trial court to retain jurisdiction to enforce the settlement under Code of Civil Procedure section 664.6.

Though the agreement sought to resolve the claims at issue in both the 2020 and 2021 actions, the agreement lacks terms expressly calling for, or setting a timetable for, dismissal of the entire 2021 action. And, in particular, the agreement lacks terms expressly calling for, or setting a timetable for, Dashjian to take

2

actions regarding a cross-complaint he had filed in that 2021 action.

In line with the settlement agreement, Dashjian filed the notice of conditional settlement in his 2020 case. The trial court later ordered dismissal of the 2020 case without prejudice while retaining settlement enforcement jurisdiction.

Kessedjian, meanwhile, dismissed with prejudice his 2021 case as to the parties specified in the settlement agreement. He later sought to dismiss the entire action, which included Dashjian's cross-complaint, but the trial court rejected dismissal on the grounds Kessedjian needed Dashjian's consent. After an October 2024 hearing in the 2021 case to address dismissal, the court issued a written ruling continuing the hearing. In that written ruling, the court noted "Defense counsel [for Dashjian] represented to the Court that Plaintiff [Kessedjian] has failed to make agreed upon payments and requested a continuance to inquire as to the reason for the missed payments." There is no transcription of the October hearing, or its equivalent, in the record.

In January and February 2025, Dashjian sought entry of the stipulated judgment in the 2020 action. Dashjian claimed Kessedjian had missed monthly payments from September 2024 onward and had breached the settlement agreement. Dashjian and his law firm submitted declarations attesting to the nonpayment.

Kessedjian opposed entry of the stipulated judgment, asserting he should not be found in breach and his nonpayment was justified because Dashjian had not dismissed his cross-complaint in the 2021 action.

3

In reply, Dashjian asserted the dismissal provision was crafted to require certain actions immediately and to keep the 2021 lawsuit partially alive out of a caution born of Dashjian's "longstanding history" with Kessedjian.  Dashjian argued Kessedjian understood payment was not conditioned on a full dismissal of the 2021 lawsuit because Kessedjian paid about $33,000 over three months without insisting on such a dismissal.

The trial court held a hearing in March 2025.  There is no transcription of this hearing, or its equivalent, in the record.

By a written order, the trial court granted Dashjian's motion to enforce.  The trial court found Kessedjian was in breach of the settlement agreement and rejected Kessedjian's claim that Dashjian was the breaching party.  It concluded the lack of a dismissal was not a "legal basis to withhold the payments."  It also noted Dashjian's obligation to dismiss any lawsuit with prejudice — the agreement only referenced the 2020 suit at that — arose only after Kessedjian rendered full payment.

The court entered the stipulated judgment in favor of Dashjian.

Kessedjian has timely appealed.

## II.

We review a trial court's factual determinations on a Code of Civil Procedure section 664.6 motion to enforce settlement for substantial evidence.  (*In re Marriage of Assemi* (1994) 7 Cal.4th 896, 911.)  We review legal conclusions de novo.  (*In re The Clergy Cases I* (2010) 188 Cal.App.4th 1224, 1237.)  The absence from the record of any hearing transcriptions hampers and limits our review.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608 [the absence "will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate

4

court"]; *Snell v. Superior Court* (1984) 158 Cal.App.3d 44, 49 [without a transcript a court cannot say what arguments parties made]; see *Pacifica First National, Inc. v. Abekasis* (2020) 50 Cal.App.5th 654, 658 [without a transcript review is at best limited].)

Kessedjian articulates several arguments for reversal that hinge on two major premises. Neither premise is persuasive.

First, Kessedjian argues Dashjian's failure to dismiss his cross-complaint in the 2021 action was a breach of the settlement agreement's general release provision. According to Kessedjian, this means the agreement lacks consideration, was not mutually performed, and cannot be enforced.

The law, however, draws a distinction between releases and dismissals. (*Arriagarazo v. BMW of North America, LLC* (2021) 64 Cal.App.5th 742, 749.) A release and a dismissal are distinct, and "a general release does not necessarily require dismissal of the underlying lawsuit." (*Ibid.*) Also, a defendant granted a release is not guaranteed to have a plaintiff execute a dismissal; the case can terminate in other ways, including by the court's own actions. (See *ibid.*) In *J.B.B. Investment Partners, Ltd. v. Fair* (2014) 232 Cal.App.4th 974, 992, fn. 5, the court noted a New York decision that makes the same point. In the New York case, the settlement agreement called " 'for a release in favor of the defendants' " but " '[s]ignificantly, the settlement was not conditioned on any further occurrence, such as the outcome of the motion for summary judgment or the formal execution of the release and *stipulation of dismissal* by these defendants and related entities.' " (*Ibid.,* italics added.)

Here, the settlement agreement's general release did not require Dashjian to execute a dismissal of the 2021 cross-

5

complaint before Kessedjian's payment obligations arose. As the trial court noted, the settlement agreement only specifically addressed Dashjian's dismissal of the 2020 lawsuit, and only called for that suit's dismissal with prejudice after Kessedjian rendered full payment, which he has not rendered.

Second, Kessedjian argues for reversal because the trial court, in his view, blindly accepted as true the October 2024 statement of the judge in the 2021 action. That statement was that counsel for Dashjian "represented to the Court that [Kessedjian] has failed to make agreed upon payments and requested a continuance to inquire as to the reason for the missed payments." Kessedjian claims this statement captures a misrepresentation by Dashjian's counsel. First, without a transcript of the October 2024 hearing giving rise to the court's statement, we cannot say precisely what Dashjian's counsel said. Second, it does not appear the trial judge that enforced settlement referenced or accepted the other judge's statement as true in its ruling. No mention appears in the written ruling and we lack a record of the settlement enforcement hearing. Third, Kessedjian has not sufficiently explained or discussed authority showing why Dashjian's lawyer's knowledge or ignorance of the reason for nonpayment, counsel's misunderstanding or misrepresentation on that matter, would be relevant to, and compel denial of, the motion to enforce settlement. The court's October 2024 statement does not call for reversal.

6

## DISPOSITION

We affirm the judgment and award appellate costs to respondent.

SCHERB, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.